IN THE UNITED SATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DWIGHT ANTONIO HOWARD**                                                      **PLAINTIFF**

v.                                             **CIVIL ACTION NO. 5:14cv66-DCB-MTP**

**RUTH SAUCIER, et al.**                                                     **DEFENDANTS**

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on the *pro se* Complaint [1] filed by Plaintiff Dwight Howard and following the *Spears*[1] hearing held in this case on February 9, 2015. After careful consideration of the submissions of the parties and the Plaintiff's testimony at the *Spears* hearing, the Court finds that Plaintiff's Complaint [1] should be denied and dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), presently incarcerated at the Marshall County Correctional Facility in Holly Springs, Mississippi. He amended and clarified his claims at the *Spears* hearing in this case. The Court conducted this hearing in an attempt to ensure the just, speedy and inexpensive determination of this *pro se* litigation and to determine whether or not Plaintiff's claims were supported by a factual or legal basis.

Plaintiff's claims arise from medical treatment he received while incarcerated at Wilkinson

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x 931, 0932 (5th Cir. 2010) (stating that allegations made at a Spears hearing supercede claims alleged in the complaint).

County Correctional Facility ("WCCF"). Plaintiff alleges that on two occasions[2] Defendant Dr. Burke prescribed him medication to treat his spine and back problems. Specifically, Plaintiff claims that he was prescribed prednisone and medrol.[3] Plaintiff claims that Dr. Burke did not advise him of all the possible side effects of these medications and failed to observe Plaintiff's reaction after he began taking them. Plaintiff alleges that he suffered adverse side effects to his mental health, including mood swings and aggressive behavior. Plaintiff claims that he hit a nurse after starting the medications, and has been in several fights with other inmates due to his changed behavior.

Plaintiff also claims that he complained of these problems to Defendant Ruth Saucier, the head nurse at WCCF. Plaintiff alleges that Saucier instructed him to continue taking the medication. He also alleges that Saucier directed him to drop the Administrative Remedy Procedure ("ARP") grievance Plaintiff had initiated against Dr. Burke, which he did not do. Plaintiff claims that Saucier should have immediately taken him off the medication. Plaintiff seeks monetary damages in the amount of $5,000 to compensate him for his mental and physical pain.

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal –(i) is frivolous or malicious; (ii) fails to state a claim

---

[2]Plaintiff initially stated at the hearing that he was prescribed the medications at issue on August 24, 2013. At the hearing, it was discovered that he might have begun treatment on July 24, 2013, and was prescribed the medication a second time in June, 2014.

[3]Although they have different names, these medications are both corticosteriods. Corticosteriods are similar to a natural hormone produced by human adrenal glands, and are commonly used to relieve inflammation. *See* MedlinePlus, Methylpresnisolone, **http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682795.html.** (Last visited February 10, 2015).

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint [1] is subject to *sua sponte* dismissal.

**Medical Claims**

In order to state a claim under the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert both that appropriate care has been denied and that the denial constituted deliberated indifference. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (176). A plaintiff must meet an "extremely high" standard to establish deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotations omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaint, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Here, Plaintiff alleges that he suffered an adverse reaction to medication prescribed by Defendant Burke, and that Burke failed to warn him of possible side affects and to adequately observe him after beginning the treatment. He also claims that Defendant Saucier incorrectly instructed him to continue using the medication.

At most, Plaintiff has alleged that Defendants were negligent as to his medical treatment. It is well-settled that a prisoner's adverse reaction to a medication prescribed by a prison physician does not, by itself, establish deliberate indifference. *See, e.g., Lowe v. Davenport*, 442 Fed. App'x

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint [1] is subject to *sua sponte* dismissal.

**Medical Claims**

In order to state a claim under the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert both that appropriate care has been denied and that the denial constituted deliberated indifference. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (176). A plaintiff must meet an "extremely high" standard to establish deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotations omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaint, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Here, Plaintiff alleges that he suffered an adverse reaction to medication prescribed by Defendant Burke, and that Burke failed to warn him of possible side affects and to adequately observe him after beginning the treatment. He also claims that Defendant Saucier incorrectly instructed him to continue using the medication.

At most, Plaintiff has alleged that Defendants were negligent as to his medical treatment. It is well-settled that a prisoner's adverse reaction to a medication prescribed by a prison physician does not, by itself, establish deliberate indifference. *See, e.g., Lowe v. Davenport*, 442 Fed. App'x

955, 956-7 (5th Cir. 2011) (affirming dismissal of prisoner's complaint for failure to state a claim where he alleged that he suffered deleterious side effects from prescribed medications, but failed to allege any facts showing that defendants knew that he had a serious medical need and refused to treat that need); *Carson v. Dallas County Jail*, 2013 WL 3324222 (N.D. Texas, June 28, 2013) (holding that a prison physician was not deliberately indifferent where he administered antibiotics that caused a severe allergic reaction, despite prisoner's claims that he notified the prison of his allergy). While Courts have recognized that a prison doctor can act with deliberate indifference by prescribing medication knowing that the prisoner was allergic and then refusing to treat the reaction, Plaintiff does not make this allegation here. *See Estelle*, 429 U.S. 104-05, *citing Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974), *cert. denied sub nom., Thomas v. Cannon*, 419 U.S. 879 (1974).

Plaintiff has failed to allege that either Defendant "refused to treat him," or "intentionally treated him incorrectly." *Domino*, 239 F.3d at 756. There is no allegation that Defendant Burke was actually aware of Plaintiff's individual propensity for side effects prior to prescribing the medication, or that he subsequently refused to treat him. In regard to Defendant Saucier, Plaintiff simply claims that she gave him the wrong advice after he informed her of his adverse reaction. As stated above, neither negligence nor a prisoner's disagreement with treatment are sufficient to state a viable claim under the Eighth Amendment. *See Gobert*, 463 F.3d at 346. For these reasons, the undersigned finds that Plaintiff has failed to state a claim of deliberate indifference to his medical needs.

### ARP Claim

Plaintiff also claims that Defendant Saucier wrongfully directed him to drop the pending ARP against Dr. Burke. The United States Court of Appeals for the Fifth Circuit has clearly stated that a prisoner "does not have a constitutional right to a grievance procedure at all, and he has no due

4

process liberty interest in having his grievances resolved to his satisfaction." *Staples v. Keffer*, 419 F. App'x 461, 453 (5th Cir. 2011). To the extent that Plaintiff's argument can be construed as a denial of access to the court claim, Plaintiff has failed to demonstrate how Saucier's interference caused him any injury, as he did not cease pursuit of the ARP and his claims regarding Dr. Burke are presently before the Court. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that in order to establish a denial of access to the courts claim, a prisoner is required to demonstrate "relevant actual injury"). Accordingly, the undersigned finds that Plaintiff has a failed to state a claim in regard to Saucier's interference with his ARP against Dr. Burke.

## RECOMMENDATIONS

For the reasons set forth above, the undersigned recommends that Plaintiff's Complaint [1] be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and that the dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district

court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 11th day of February, 2015.

s/ Michael T. Parker
United States Magistrate Judge
