IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DWIGHT ANTONIO HOWARD**                                                     **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO: 5:14-cv-66-DCB-MTP**

**RUTH SAUCIER and DR. JAMES BURKE**                             **DEFENDANTS**

**ORDER ADOPTING IN PART REPORT AND
RECOMMENDATIONS AND REMANDING CASE**

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendations of February 11, 2015 **[docket entry no. 31]**. Therein, Judge Parker recommends that the Complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. Section 1915(e)(2)(B) and that the dismissal count as a "strike" pursuant to 28 U.S.C. Section 1915(g). Having reviewed the Report and Recommendations, the plaintiff's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

I. Factual and Procedural Background

Plaintiff Dwight Antonio Howard is currently incarcerated in the Marshall County Correctional Facility, but his claims arise from events that occurred while he was incarcerated at the Wilkinson County Correctional Facility ("WCCF"). He originally filed his complaint on July 28, 2014, seeking $10,000.00 in damages for claims against Defendant James Burke and Defendant Ruth

1

Saucier. Burke is the doctor at WCCF, and Saucier is the head nurse. Howard also successfully moved to proceed in forma pauperis. At an omnibus hearing held on February 9, 2015, before Judge Parker, Howard amended and clarified his claims. According to the Report and Recommendations, Howard now seeks $5,000.00 in damages for claims arising from his medical treatment while incarcerated.

Specifically, Howard alleges that Burke did not advise Howard of all of the potential side effects for medication that Burke prescribed him for back problems. Howard alleges that he suffered from mood swings and aggressive behavior, leading to several fights with other inmates, as a result of taking the medication. Howard further alleges that Burke did not observe his reaction to the medication. As to Saucier, Howard alleges that he complained about these side effects to her and she encouraged him to continue taking the medication. Before this suit, Howard had initiated an Administrative Remedy Procedure grievance against Burke because of the problems he perceived in his treatment. Howard alleges that Saucier directed him to drop the grievance, which he did not do.

Judge Parker entered this Report and Recommendations sua sponte[1] to dismiss Howard's claims for failure to state a claim. The Report and Recommendations address Howard's medical claims

---

[1] Under 28 U.S.C. § 1915(e) the Court may dismiss a proceeding in forma pauperis if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

under the Eighth Amendment and his claims related to the grievance procedure. Howard filed objections to the Report and Recommendation **[docket entry no. 33],** and the defendants filed no response to them.

## II. Magistrate Judge's Findings

Judge Parker found that Howard did not state a claim related to his medical treatment. The deliberate indifference required to state a claim of improper or inadequate attention to medical needs is difficult to establish. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment." Id. Judge Parker found that Howard's claims that Burke failed to observe his adverse reaction to the medication and that Saucier instructed him to continue taking the medication despite the side effects did not rise above this level.

Further, Judge Parker found that Howard's claims related to the grievance procedure were insufficiently stated. A prisoner "does not have a constitutional right to a grievance procedure at all, and he has no due process liberty interest in having his grievances resolved to his satisfaction." Staples v. Keffer, 419 F. App'x 461, 453 (5th Cir. 2011). Howard alleged no relevant actual injury resulting from Saucier's order that he drop the grievance against Burke, because Howard did not drop it. Therefore, Judge

3

Parker found he had not stated a denial of access to courts claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996).

### III. Plaintiff's Objections

"[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 667 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). Meritorious objections mandate a de novo review of the Report and Recommendations. 28 U.S.C. § 636(b)(1) (2009). Merely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive de novo review, however. Those portions of the report not objected to are reviewed only for plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

In his objections, Howard merely reurges the allegations of his complaint. Therefore, the Report and Recommendations are subject only to review for plain error.

### IV. The Report and Recommendations Do Not Address a Potential Claim

The Fifth Circuit has recognized that "a competent person has a liberty interest in refusing unwanted medical treatment." Sama v. Hannigan, 669 F.3d 585 (2012) (citing Cruzan v. Dir., Mo. Dep't of Health, 497 U.S. 261, 278 (1990)). Other circuits that have

4

addressed this right include the "right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available in a prison setting." White v. Napoleon, 897 F.2d 103, 113 (3rd Cir. 1990) ("A prisoner's right to refuse treatment is useless without knowledge of the proposed treatment."); see also Pabon v. White, 459 F.3d 241, 249 (2nd Cir. 2006); Benson v. Terhune, 304 F.3d 874, 884 (9th Cir. 2002). But the right of a prisoner to refuse treatment is not unlimited and must be balanced against relevant state interests. "In the prison context, such countervailing state interests include providing appropriate, necessary medical treatment to inmates as well as prison safety and security." Sama, 669 F.3d at 592. Because Howard alleges that Burke did not fully inform him of all of the potential side effects, the case will be remanded to the Magistrate Judge to determine whether this failure to warn is sufficient to state a claim. The law related to this issue in this circuit and others is indefinite. The Fifth Circuit has stated that "the law governing Fourteenth Amendment claims involving unwanted medical treatment in the prison context is far from certain." Sama, 669 F.3d at 595. Further, no court in this circuit has cited to Sama for a prisoner's right to refuse medical treatment, and no court in this circuit, including the circuit court itself, has delved into the contours of a prisoner's right to

5

medical information related to treatment. It is noteworthy that no circuit court that has considered the question has rejected the related right to medical information. Thus, out of an abundance of caution in this <u>sua sponte</u> dismissal, the Court finds it necessary that the possibility of this claim be explored further.

Although there is no direct guidance from the Fifth Circuit, other circuits have circumscribed the right to medical information in different ways. In the Third Circuit,

> [a] prison doctor's decision to refuse to answer an inmate's questions about treatment will be presumed valid unless it is such a substantial departure from professional judgment, practice or standards as to demonstrate that the doctor did not base the decision on such a judgment. In exercising judgement, however, the doctor must consider a prisoner's reasonable need to make an informed decision to accept or reject treatment, as well as his need to know any viable alternatives that can be made available in prison.

<u>White</u>, 897 F.2d at 113 (holding that complaint was sufficient to survive motion to dismiss where it did not contain any reason why the information about treatment was withheld). In the Second Circuit, "[t]o establish a violation of the constitutional right to medical information, a prisoner must satisfy an objective reasonableness standard, must demonstrate that the defendant acted with the requisite state of mind, and must make a showing that the lack of information impaired his right to refuse treatment." <u>Pabon</u>, 459 F.3d at 250. Although the Seventh Circuit has not formally joined its sister circuits in recognizing this right, <u>Cox v. Brubaker</u>, 558 F. App'x 677, 678-79 (7th Cir. 2014), in a prior

6

unpublished opinion, it held that the side effects a prisoner alleges he was not informed of must be substantial, <u>Phillips v. Wexford Health Sources, Inc.</u>, 522 F. App'x 364, 367 (7th Cir. 2013).

## V. Conclusion

Having conducted a <u>de novo</u> review of the portions of the Report and Recommendations objected to and reviewed the remainder for plain error, the Court is satisfied that Judge Parker has issued a thorough opinion as to Howard's Eighth Amendment medical claims and his due process access claims. Howard's objections are overruled and these claims dismissed with prejudice. However, the case is remanded for the limited purpose of determining whether Howard has adequately stated a claim for a violation of his right to refuse medical treatment or to receive medical information related to his treatment.

## VI. Order

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendations is hereby ADOPTED IN PART.

FURTHER ORDERED that the Plaintiff's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED.

FURTHER ORDERED that the Plaintiff's claims for inadequate medical treatment arising under the Eighth Amendment are DISMISSED WITH PREJUDICE.

FURTHER ORDERED that the Plaintiff's due process claims

related to the grievance procedure and for denial of access to courts are DISMISSED WITH PREJUDICE.

FURTHER ORDERED that the case is REMANDED to Judge Parker to determine whether Plaintiff has stated a Fourteenth Amendment claim for violation of his right to refuse medical treatment.

SO ORDERED this the 7th day of April 2015.

       /s/ David Bramlette
      UNITED STATES DISTRICT JUDGE