IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DWIGHT ANTONIO HOWARD                                    PLAINTIFF

v.                               CIVIL ACTION NO. 5:14cv66-DCB-MTP

RUTH SAUCIER & DR. JAMES BURKE                          DEFENDANTS

ORDER

THIS MATTER is before the Court on the Motion [45] filed by
the pro se and in forma pauperis Plaintiff Dwight Antonio Howard.
In the motion, Plaintiff states that he wishes to appeal and to be
appointed counsel. However, Plaintiff does not specify which order
of this Court he wishes to appeal. Furthermore, there are
dispositive motions pending in this case, and no final judgment has
been entered. See 28 U.S.C. § 1291-1292; Fed. R. Civ. P. 54(d).
Should the Plaintiff wish to appeal any order of this Court before
a final judgment is entered, he must  proceed by filing a proper
motion under Federal Rule of Civil Procedure 54(b). Rule 54(b)
judgments are only to be entered when an immediate appeal of an
order would prevent hardship or injustice caused by the delay of an
appeal. See PYCA Indus., Inc. v. Harrison Cnty. Waster Water Mgmt.
Dist., 81 F.3d 1412, 1421 (5th Cir. 1996). Two recent cases in the
Southern District have addressed the propriety of a Rule 54(b)
final judgment. See Munn v. City of Ocean Springs, No. 1:14cv428,
2015 WL 1915150, at *3 (S.D. Miss. Apr. 27, 2015) (declining to
enter final judgment); True the Vote v. Hosemann, 43 F. Supp. 3d

1

693, 744-45 (S.D. Miss. 2014) (entering final judgment). The Court finds that insufficient circumstances justifying entry of a Rule 54(b) final judgment have thus far been shown in this case.

As for the Plaintiff's request to be appointed counsel, the Court finds that the Plaintiff has failed to make the requisite showing. In general, there is no right to counsel in civil rights cases. Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975); see also Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982) (stating that there is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. See Salmon v. Corpus Christi Indep. Sch. Dist., 911 F.2d 1165, 1166 (5th Cir. 1990); Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988). In the instant motion, Plaintiff cites no justification, much less "truly exceptional circumstances," warranting the appointment of counsel.

IT HEREBY ORDERED THAT Plaintiff's Motion [45] is DENIED.

SO ORDERED this the 26th of August, 2015.

                              /s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE